UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARNELL LEROY PARRISH,

    Petitioner,                                    2:15-cv-00784-RFB-VCF

vs.                                               **ORDER**

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

_____/

       This action, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, was initiated by Darnell Leroy Parrish on April 28, 2015.

       On June 29, 2015, the court examined Parrish's petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and determined that it is defective. Parrish's habeas petition challenges his conviction and sentence for second degree murder, entered in 1998 in Nevada's Eighth Judicial District Court. *See* Petition for Writ of Habeas Corpus (filed as an attachment to ECF No. 1), pp. 1-2. However, Parrish has already litigated a federal habeas corpus petition regarding that conviction and sentence; his current petition is successive. The court took judicial notice of the proceedings in this court in Case No. 2:04-cv-00187-PMP-RJJ. In that case, initiated by Parrish in 2004, Parrish challenged the same conviction and sentence that he challenges in this case, and on July 22, 2005, this court denied Parrish relief on the merits of his claims. *See* Order entered July 22, 2005, ECF No. 32 in Case No. 2:04-cv-00187-PMP-RJJ. This court went on in that prior case to deny

Parrish a certificate of appealability. *See* Order entered August 25, 2005, ECF No. 36 in Case No. 2:04-cv-00187-PMP-RJJ. The Ninth Circuit Court of Appeals, in turn, denied Parrish a certificate of appealability on November 29, 2005. *See* Order filed November 22, 2005, ECF No. 39 in Case No. 2:04-cv-00187-PMP-RJJ.

In the June 29, 2015, order, the court explained that a successive habeas petition may not be filed in this federal district court unless the petitioner has obtained permission to do so from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The court noted that Parrish made no allegation or showing that he obtained such permission from the court of appeals.

The court granted Parrish an opportunity to show cause why this action should not be dismissed on account of his failure to obtain, from the court of appeals, permission to file this successive petition. The court stated that if Parrish failed to show that he obtained such permission, this case will be dismissed.

On July 24, 2015, Parrish filed a document entitled "Motion to Show Cause Why the Court Should Not Dismiss This Action" (ECF No. 6). In that document Parrish argues the merits of his claims, argues that he is factually innocent, and argues that his post-conviction litigation, in both state and federal court, has not been properly adjudicated. Parrish does not, however, show that he obtained permission from the court of appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file this successive federal habeas corpus action.

If Parrish believes that there is reason for him to be allowed to pursue a successive federal habeas corpus petition, he must make a motion in the court of appeals for permission to do so, and he must make a showing in this court, in conjunction with his initiation of such an action, that he has obtained such permission. He has not done so. Therefore, this action will be dismissed.

///

///

1  **IT IS THEREFORE ORDERED** that petitioner's "Motion to Show Cause Why the Court Should Not Dismiss This Action" (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this 8th day of September, 2015.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE